UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Ronald Sollenne,<br><br>                      Plaintiff,<br><br>v.<br><br>Jay K. Bray; Nationstar Mortgage, LLC; Melissa L. Cizmorris; and Akerman LLP;<br><br>                      Defendants. | Case No.: 17-cv-1611-WQH-WVG<br><br>**ORDER** |

The matter before the Court is the Motion to Dismiss (ECF No. 15) filed by Defendants Jay K. Bray, Melissa L. Cizmorris, Akerman LLP, and Nationstar Mortgage, LLC (collectively, "Defendants").

**I.  Background**

On August 31, 2017, Plaintiff Peter Ronald Sollene initiated this action by filing the Complaint (ECF No. 1). On September 14, 2017 Plaintiff filed the First Amended Complaint (the "FAC") (ECF No. 14). The FAC is the operative complaint in this matter. On September 28, 2017, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 15). The record reflects that Plaintiff never filed a Response to the Motion to Dismiss. On October 23, 2017, Defendants filed a Notice of Non-Opposition to the Motion to Dismiss. (ECF No. 17).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Claims sounding in fraud or mistake must additionally comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Federal Rule of Civil Procedure 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud

charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations and quotations omitted).

**III. Analysis**

Plaintiff's first three causes of action are for breach of trust, breach of duty, and breach of fiduciary duty, respectively. FAC at 1. Defendants contend that Plaintiff's first three causes of action are made up of "pseudo-legalese relating to an ill-defined trust" and do not include "a short and plain statement of the claim showing that the pleader is entitled to relief." ECF No. 15-1 at 7 (quoting Fed. R. Civ. P. 8(a)(2)). In support of his first three causes of action, Plaintiff alleges that his previously dismissed Complaint "alleges that a trust relationship exists between the defendants and the Plaintiff and that defendants have acted in bad faith and are in breach of trust." FAC at ¶ 24. Plaintiff also alleges that "the proof of trust is included [in his first Complaint]." *Id*. Plaintiff fails to provide enough information in the TAC to identify the alleged trust and trust documents at issue. Consequently, Plaintiff fails to state claims for breach of trust, breach of duty, and breach of fiduciary duty.

Plaintiff's fourth cause of action is for a violation of California's Homeowner Bill of Rights. FAC at 1. Defendants contend that Plaintiff "brings no clear factual allegations of a violation of those statutes." (ECF No. 15-1 at 7). Plaintiff alleges that Nationstar violated California Civil Code § 2923.5 by ignoring Plaintiff's attempts to modify the "Mortgage Loan." *See* FAC at ¶¶ 50–51. California Civil Code § 2923.5 is not violated every time a mortgage servicer ignores a borrower's attempts to modify a loan. *See* Cal. Civ. Code § 2923.5. It is violated when a mortgage servicer records a notice of default without comply with its provisions, and when a mortgage servicer avoids its obligation to "contact the borrower . . . to assess the borrower's financial situation and explore options . . . to avoid foreclosure." Cal. Civ. Code § 2923.5. Plaintiff does not allege that Nationstar recorded a notice of default or failed to contact him to assess his financial situation and explore options to avoid foreclosure. In fact, Plaintiff alleges that Nationstar did contact

him and discuss his obligations. *See* FAC at ¶ 50 ("[W]hen first contacted by Nationstar, Plaintiff was notified that his payment was going from $4,000 per month to over $9,800 per month."). Plaintiff's fourth cause of action fails to state a claim.

Plaintiff's fifth cause of action is for violation of California's Business and Professions Code § 17500 et. seq. FAC at 1. Defendants contend that Plaintiff fails to allege any facts that amount to a violation of those statutes. (ECF No. 15-1 at 8). Plaintiff does allege that "Nationstar proceeded, collaborated and in concert with Akerman LLP, an illegal non-judicial foreclosure again Plaintiffs." FAC at ¶ 70. However, that allegation is conclusory. Plaintiff's fifth cause of action fails to state a claim.

Plaintiff's sixth cause of action is for negligence. FAC at 1. Defendants contend that Plaintiff's sixth cause of action "fails . . . because, as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of the usual lender-borrower relationship." ECF No. 15-1 at 9 (citing *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991)). Defendants are correct that, under California law, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096. Plaintiff alleges that "Nationstar went beyond its role as a lender and/or loan servicer by placing Plaintiff into a defaulted status." FAC at ¶ 98. However, placing a borrower into default status is within "the scope of the usual lender-borrower relationship." *Nymark*, 231 Cal. App. 3d at 1096. Consequently, Plaintiff has failed to allege facts showing that Nationstar (or any other Defendant) owed Plaintiff a duty of care, and Plaintiff's cause of action for negligence fails.

Plaintiff's seventh cause of action is for wrongful foreclosure. FAC at 1. Defendants contend that "no actual facts are alleged" in support of Plaintiff's seventh cause of action. ECF No. 15-1 at 10. Plaintiff does allege that "[i]t is undisputed that Defendants Nationstar and Akerman LLP were participants in the wrongful foreclosure of Plaintiffs' [sic]

property." FAC at ¶ 105. However, that allegation is conclusory. Plaintiff's seventh cause of action fails to state a claim.

Plaintiff's eighth cause of action is for breach of the implied covenant of good faith and fair dealing. FAC at 1. Defendants contend that Plaintiff's eighth cause of action should be dismissed because "Plaintiff fails to adequately identify any contract to which he and Nationstar were parties." (ECF No. 15-1 at 10). "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49, 275 Cal. Rptr. 17 (1990). Plaintiff refers to "the Note and DOT" in the FAC, but does not describe or attach those alleged documents. *See* FAC at ¶ 121. Consequently, Plaintiff's eighth cause of action fails to state a claim.

Plaintiff's ninth cause of action is for fraud. FAC at 26. Defendants contend that Plaintiff's ninth cause of action should be dismissed because Plaintiff "alleges no actual facts" that support it. (ECF No. 15-1 at 11). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff alleges that Nationstar misrepresented "the NOD and NOTS," "concealed its failure to transfer assignments to the securitized trusts, and concealed 'blank alonges' to disguise the destruction of Plaintiff's note." FAC at ¶ ¶ 136. This allegation do not "state with particularity the circumstances constituting fraud or mistake," in part because Plaintiff fails to adequately identify the alleged securitized trusts and note. *See* Fed. R. Civ. P. 9(b). Accordingly, Plaintiff's ninth cause of action fails to state a claim.

///
///
///
///
///
///

5

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 15) is GRANTED. The FAC (ECF No. 14) is DISMISSED without prejudice.

Dated: January 22, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court